**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANYELA MEJIA FAJARDO,<br><br>Petitioner,<br><br>v.<br><br>TIM ROBBINS, *et al.*,<br><br>Respondents. | Case No.  5:26-cv-03091-RAO<br><br>**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS** |

On June 4, 2026, Petitioner Anyela Mejia Fajardo ("Petitioner"), represented by counsel, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petition"), against Tim Robbins, Field Office Director, U.S. Immigration and Customs Enforcement ("ICE"); Todd Lyons, Acting Director of ICE; Markwayne Mullin, Secretary, U.S. Department of Homeland Security; Todd Blanche, Acting U.S. Attorney General; and John Doe, the Warden of Adelanto Processing Center. (collectively, "Respondents").  *See* Dkt. No. 2 ("Pet.").

The case is proceeding before the undersigned magistrate judge for all purposes including final disposition.  *See* Dkt. No. 4.

The Petition states that Petitioner is a non-citizen currently detained in Adelanto ICE Detention Facility in Adelanto, California.   *See* Pet. at 2-3.

Publicly available ICE records reflect that the Petitioner is currently detained by ICE within this District.

The Court incorporates the factual background as set forth in the Petition. Pet. at 2-3, 6-10.

Petitioner alleges that her continued detention violates the Administrative Procedure Act and the Immigration and Nationality Act ("INA") (Count One), and the Fifth Amendment's Due Process Clause (Counts Two and Three). *Id.* at 14-18. The Petition seeks relief in the form of Petitioner's immediate release. *Id*. at 18.

Respondents filed their response on June 12, 2026 ("Answer"). Dkt. No. 11. The Answer states that Petitioner appears to be an eligible member of the Bond Eligible Class certified in *Maldonado Bautista*, and accordingly, entitled to a bond hearing under 8 U.S.C. § 1226(a). *Id*. at 2.[1] Respondents request that if a bond hearing is ordered, the timing of the hearing be consistent with what courts in this district have generally ordered, which is to require a Section 1226(a) bond hearing be held within seven days. *Id*. at 3.

Petitioner did not file a Reply to Respondents' Answer.

In similar circumstances, courts in this District have limited relief to ordering the petitioner's release if she is not afforded a timely bond hearing. *See Hernandez v. Semaia*, No. CV 26-1295-JFW (KS), 2026 WL 928628, *3 (C.D. Cal. 2026) ("In light of Respondent's acknowledgment that Petitioner appears to be a member of the *Bautista* class and appears to be subject to the *Bautista* judgment, ... Respondents are

---

[1] On March 31, 2026, the Ninth Circuit granted the government's emergency motion for a stay pending appeal as follows: (1) the *Bautista* court's December 18, 2025 class certification order and final judgment is stayed pending appeal, insofar as the they extend beyond the Central District of California; and (2) the district court's February 18, 2026 post-judgment order vacating *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025) is stayed pending appeal. *See Maldonado Bautista, et al. v. United States Dep't of Homeland Sec., et al.*, No. 26-1044, Dkt. No. 17 (9th Cir. Mar. 6, 2026).

enjoined from continuing to detain Petitioner unless he is provided with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) within seven (7) days of this Order."); *Rathi v. Warden of Desert View Annex Det. Facility*, No. CV 26-1174-WLH (AYP), 2026 WL 795298, *1 (C.D. Cal. 2026) ("Respondents do not contest Petitioner's membership in the Bond Eligible Class in *Bautista v. Santacruz*. Consistent with the Final Judgment in *Bautista*, Petitioner is entitled to an individualized bond hearing." (citation omitted)); *Devi v. Semaia*, No. CV 26-898-DMG (AS), 2026 WL 712043, *1 (C.D. Cal. 2026) (similar).   Courts have previously issued orders directing bond hearings, and respondents in turn complied with those orders; accordingly, the Court has no reason to believe its orders will not continue to be followed and thus declines to order immediate release.   Therefore, consistent with the practice in this District, the Court will order Petitioner's release if she is not afforded a timely bond hearing. *See, e.g., Quinonez Herrera v. Mullin*, No. CV 26-1561-CAS (DMK), 2026 WL 915184, *2 (C.D. Cal. 2026) ("[C]onsistent with what courts in this district have generally ordered in similar cases, the Court orders Respondents to provide Petitioner with [an individualized bond] hearing within seven (7) days.").

In light of Respondents' acknowledgement that Petitioner is entitled to a bond hearing under 8 U.S.C. § 1226(a), IT IS ORDERED that:

(1) The Petition is GRANTED in part as to Count One to the extent it claims a violation of the INA;

(2) Respondents are enjoined from continuing to detain Petitioner unless she is provided with a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven (7) days of this Order; and

///

///

///

(3) Respondents are directed to file a status report within 10 days of this Order substantiating compliance with the Court's Order.

DATED:  June 23, 2026

_____/s/_____
ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE

4